## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JAMES E. MAXWELL, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 5:06-CV-319 |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:03-CR-93 |
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |

## REPORT AND RECOMMENDATION

Petitioner Maxwell was convicted by jury verdict (R-40), returned on March 10, 2004, of Possession With Intent to Distribute More Than 5 Grams of Crack Cocaine, Possession of N-benzylpiperazine (BZP) and Trifluoromethylenephynylpiperazine (TFMPP) (controlled substances) With Intent to Distribute, and Carrying a Firearm During and In Relation to Furtherance of Drug Trafficking Offenses, all as charged in Superseding Indictment Counts I, II, and IV (R-19). He was sentenced to concurrent terms of 97 months imprisonment on Counts I and II, and to a consecutive 60 month term of imprisonment on Count IV. (R-54, 56) Maxwell appealed his conviction and sentence which were affirmed by the the United States Court of Appeals for the Eleventh Circuit on September 26, 2005. (R-66) On September 15, 2006, Petitioner Maxwell timely filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-73, 74). He proffered eight claims of ineffective assistance of counsel.

The district court must address a § 2255 motion claiming ineffective assistance of counsel under the two-part analysis of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To prevail on an ineffective assistance of counsel claim, a petitiioner must show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. *Id*. To show prejudice, the § 2255 petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

As his **Claim 1**, Maxwell contends that his attorney was ineffective for failing to file a pretrial motion seeking dismissal of the indictment based on alleged selective prosecution. He makes no specific claim as to the nature of the selectivity alleged.

The United States Court of Appeals for the Eleventh Circuit in *United States v. Lamberti,* 847 F.2d 1531, 1535 (11th Cir. 1988), held that in order to meet the substantial burden of establishing a selective prosecution violation, a defendant must demonstrate: (1) that others who have committed the same acts have not been prosecuted; and (2) that the reason he was prosecuted was for a constitutionally impermissible motive such as racial or religious discrimination or in retaliation of the exercise of his constitutional rights. *Id.* Petitioner Maxwell's Claim 1 fails to allege either requirement to establish a case of selective prosecution, and nothing in the record suggests the presence of selective prosecution in his case. This claim is without merit.

As **Claim 2,** Maxwell contends that his counsel was ineffective by failing to request the District Court to reconsider its ruling on his pretrial motion to suppress evidence. Petitioner's contention results from a change in the testimony of the Police Officer who stopped Petitioner's vehicle upon observing that Petitioner was not wearing a seat belt. He had also testified that he observed the "silver locking mechanism" above Petitioner's shoulder before the stop. (R-64 at 21, 59) At trial the officer testified that he has since seen a similar SUV and saw that the locking mechanism, when disengaged, was not at the driver's shoulder level in the vehicle . (R-48 at 106-108). Petitioner's Attorney did not renew her motion to suppress the evidence gained from the stop, but elected to raise the issue upon direct appeal. The decision not to ask for reconsideration of the District Court but rather raise the issue on direct appeal was a strategic decision obviously based on counsel's experience with the difficulty in getting a ruling on suppression reversed on a minor point in the District Court.

When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. There is no merit is Claim 2.

In **Claim 3,** Petitioner Maxwell asserts that his attorney was ineffective for failing to object to an amendment to his indictment during the trial in regard to the exclusion of the aiding and abbeting implication of 18 U.S.C. §2, which was added to the substantive charges of Possession With Intent to Distribute as a matter of course. Petitioner Maxwell points to no evidence that the trial court gave any instruction as to aiding and abetting, none is in the record, and none was waranted, because the evidence established that Petitioner Maxwell was the sole perpetrater, and the jury so found. The presence of 18 U.S.C. § 2 in the Indictment had no effect on the outcome of the trial. This claim is frivolous.

As **Claim 4,** Petitioner Maxwell contends that his counsel was ineffective for failing to object to the alleged misconduct of the Government Attorney in expressing a personal opinion during closing argument to the jury. To constitute actionable misconduct, a prosecutor's remarks during closing argument must be improper and prejudicial to a substantive right of the defendant, and it "must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas,* 8 F.3d 1552, 1561 (11th Cir. 1993).

The record reveals that Defense Counsel attacked the credibility of the Government witnesses in her closing argument forcing Government's counsel to comment on the credibility of the witnesses. Nothing in the Government Attorney's remarks amounts to vouching for the witnesses. Government counsel's remarks were neither improper nor improperly prejudicial. See Trial Transcript (R-48 at 159, 191, 194, 196, 197).

4

As his **Claim 5,** Petitioner Maxwell alleged that his counsel was ineffective for failing to object to jury instruction, specifically that the court failed to instruct the jury on the element of "knowledge." Petitioner's claim is without merit. The trial court gave Basic Instruction 9.1 from the Eleventh Circuit Pattern Jury Instruction Manual defining and explaining the term "knowingly" as charged in the Indictment. (R-48 at 211). The charge was appropriate and sufficient to address the element of "knowledge" of the criminal offense. This claim is without merit.

As **Claim 6,** Petitioner Maxwell contends that his counsel rendered ineffective assistance when she mislead him as to the elements of the offenses with which he was charged, that she did not advise him as to the meaning of "carrying" a firearm or "in furtherance" of a criminal enterprise as charged in Count IV of the Indictment, that she did not advise him that he could be found guilty of "constructive possession" because of the close proximity of the contraband to the firearm in his vehicle, and that counsel mislead him as to the offenses charged and the possibility of a conditional plea. The Government obtained an affidavit from defense counsel who stated that she fully reviewed the charges and the evidence with Petitioner Maxwell, provided him with a copy of all discovery and explained the elements of proof necessary for the Government to obtain a conviction on all of the charges. (R-82-A) Additionally, Petitioner erroneously stated that the concept of constructive possession was that the mere presence of the contraband was insufficient to support a conviction, but that his counsel failed to so advise him. Since Petitioner's

5

understanding of constructive possession is incorrect, counsel was not ineffective for not so advising him. Likewise, the Government never offered Petitioner a Plea Agreement conditional or otherwise, because Petitioner Maxwell never indicated to his counsel or the Government any desire to plea bargain. This claim is without merit.

As **Claim 7,** Petitioner Maxwell contends that his counsel was ineffective for failing to raise a *Booker* issue on appeal. As counsel points out in Exhibit A to R-82, Petitioner Maxwell's appellate brief was filed on January 19, 2005, just seven days after the *Booker* decision was rendered and before counsel became aware of that decision. Both defense counsel and the Government concede that the *Booker* holding was applicable to Petitioner's sentence and that he is therefore entitled to resentencing. This claim has merit and Petitioner should be resentenced in accordance with the provisions of the *Booker* decision.

As **Claim 8,** Petitioner Maxwell alleges that his counsel was ineffective for failing to appeal his conviction to the United States Supreme Court. Appeal to the United States Supreme Court is not a mandatory part of a defendant's right to counsel on direct appeal and will not support a claim of ineffective assistance of counsel. *See Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300 (1982). Likewise, 18 U.S.C. § 3006A(f)(5) provides:

> If the decision of [the United States Court of Appeals for the Eleventh Circuit] is adverse to the client, counsel shall inform the client of the right to file a petition for rehearing or petition for rehearing en banc in this court, or to petition the Supreme Court of the United States for a writ of certiorari. Counsel shall file a petition . . . if requested to do so by the client in writing, but only if in counsel's considered judgement sufficient grounds exist . . . .

6

Petitioner's Claim 8 has no merit, particularly in view of the fact that resentencing is being recommended under Petitioner's Claim 7.

WHEREFORE, IT IS HEREBY RECOMMENDED that all of Petitioner's Claims, except Claim 7, be DENIED. It is recommended that Petitioner Maxwell be returned to this Court for resentencing under advisory Sentencing Guidelines in accordance with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner's present counsel may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 20th day of February 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE